UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

P.P. and A.G., ON BEHALF OF T.P.,

                            Plaintiffs,     07-Civ.-10525 (BSJ)

              -against-                   **ANSWER**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                             Defendant.

------------------------------------------------------------------------ x

      Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated November 21, 2007, respectfully alleges as follows:

1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs initiated the administrative proceedings referred to herein, and respectfully refers the Court to the decisions of the Impartial Hearing Officers (IHO) for a complete and accurate statement of their contents.

3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as alleged therein.

4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to set forth a basis for venue as alleged therein.

5.    Denies the allegations set forth in paragraph "5" of the Complaint, except admits that P.P. and A.G. are the parents of T.P. who is a minor child and admits T.P. attended New York City Department of Education schools and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

6.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiffs purport to proceed as described therein and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

8.    Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the New York City Department of Education is the local educational agency in the City of New York.

9.    Denies the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiffs initiated a proceeding (Case No. 102386) against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

10.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Complaint, except admits that persons affiliated with Myerson & Associates appeared for plaintiffs at times during the proceedings in Case No. 102386.

11.   Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to the January 6, 2006 decision of the IHO for a complete and accurate statement of its contents.

12.   Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiffs initiated a proceeding (Case No. 106462) against the New York City Department of Education and respectfully refers the Court to plaintiffs' filings, statements, and submissions in that proceeding for a complete and accurate statement of their contents.

13.   Denies the allegations set forth in paragraph "13" of the Complaint except admits that plaintiffs initiated a proceeding (Case No. 106462) against the New York City Department of Education, hearings were conducted on September 28, 2006 and December 13, 2006, and respectfully refers the Court to plaintiffs' filings, statements, and submissions and the January 16, 2007, decision of the IHO in that proceeding for a complete and accurate statement of their contents.

14.   Denies the allegations set forth in paragraph "14" of the Complaint, and respectfully refers the Court to the January 16, 2007, decision of the IHO for a complete and accurate statement of its contents.

15.   Denies the allegations set forth in paragraph "15" of the Complaint.

16.   Denies the allegations set forth in paragraph "16" of the Complaint and respectfully refers the Court to the case authorities referenced therein for a complete and accurate statement of their contents.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:

18.   The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

19.   At all times relevant to the acts alleged in the Complaint, the conduct of defendant was lawful.

### THIRD AFFIRMATIVE DEFENSE:

20.   Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE:

21.   Plaintiffs have failed to provide documentation and information sufficient to support an award of reasonable attorney's fees.

### FIFTH AFFIRMATIVE DEFENSE:

22.   Plaintiffs lack standing to assert the claims alleged in the Complaint.


   **WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              February 1, 2008

                              Michael A. Cardozo
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendant New York City Department
                              of Education
                              100 Church Street, Room 2-164
                              New York, New York 10007
                              212-788-0874

By: _____
Chevon Andre Brooks (CB 1616)
Assistant Corporation Counsel

To:    Gary S. Mayerson, Esq.
       Mayerson & Associates
       330 West 38th Street, Suite 600
       New York, New York  10018
       (via ECF)